Case 1:21-cv-00351-LY   Document 1-6   Filed 04/21/21   Page 1 of 9

3/11/2021 4:13 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-21-001134
Victoria Benavides

CAUSE NO. D-1-GN-21-001134 _____

| | | |
|---|---|---|
| **RACHEL BETH CABALLERO** | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| **KLLM TRANSPORT SERVICES, LLC,** | § | |
| **AND FERDERRICK D. ROSS,** | § | |
|     Defendants. | § | 98TH ____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **NOW COMES** RACHEL BETH CABALLERO (hereafter "Plaintiff"), complaining of KLLM TRANSPORT SERVICES, LLC and FERDERRICK D. ROSS (hereafter collectively "Defendants"), and files this Plaintiff's Original Petition and Jury Demand, and in support thereof, would respectfully show unto the Court as follows:

### DISCOVERY CONTROL PLAN LEVEL

    1.    Plaintiff brings this action under Texas Rule of Civil Procedure 47(c)(4) and seeks monetary relief over $250,000 but not more than $1,000,000. Plaintiff intends that discovery be conducted under Discovery Level 3.

### PARTIES

    2.    Plaintiff, **RACHEL BETH CABALLERO**, is an individual residing in Travis County, Texas. Pursuant to §30.014 of the Texas Civil Practice & Remedies Code, Plaintiff states that the last three numbers of her driver's license are 572 and the last three numbers of her social security number are 219.

    3.    Defendant, **KLLM TRANSPORT SERVICES, LLC**, is a domestic limited liability company doing business in the State of Texas and may be served with process by

serving its registered agent:  **CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, or wherever the agent may be found.  <u>Issuance of citation is requested at this time to include language that "Defendant may be required to make initial disclosures."</u>**

4. Defendant, **FERDERRICK D. ROSS**, is an individual who is a nonresident of Texas, whose home address is **1390 Forest Avenue #E8, Jackson, Hinds County, MS 39213-8120**, and may be served with process by serving the **Chairman of the Texas Transportation Commission at 125 E. 11th Street, Austin, Texas 78701**, as Defendant's agent for service because Defendant was a party to a collision or an accident while operating a motor vehicle in Texas**.  <u>Issuance of citation is requested at this time to include language that "Defendant may be required to make initial disclosures."</u>**

## JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this Court.

6. This Court has jurisdiction over the parties, because said Defendants purposefully availed themselves of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

7. Further, as required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages, harms and losses sought are in an amount within the jurisdictional limits of this Court. Plaintiff is required by Rule 47(c), Texas Rules of Civil Procedure to state the amount of damages, in dollar amount, that represent Plaintiff's harms and losses due to the negligence of the Defendants. The legislative history of this requirement indicates that it is for record keeping and statistical purposes only for lawsuits filed in the State

of Texas. Plaintiff's counsel states that Plaintiff seeks monetary relief, the maximum of which harms, losses and damages to Plaintiff is over $250,000 but not more than $1,000,000. The amount of monetary relief actually assessed by the jury or judge, however, will ultimately be determined by a jury or judge after hearing all of the evidence of harms, damages and losses. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate as well as exemplary damages.

8. Pursuant to Texas Civil Practices and Remedies Code § 15.002, *et seq.*, venue is proper in Travis County, Texas because it is the county where all or a substantial part of the events or omissions giving rise to this lawsuit occurred.

## MISNOMER/ALTER EGO

9. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## FACTUAL BACKGROUND

10. On or about March 11, 2019, Plaintiff RACHEL BETH CABALLERO (hereafter "Plaintiff") was driving a gray 2015 Nissan Sentra vehicle traveling in the right lane of IH-35 in the city limit of Austin, Travis County, Texas. On said occasion, Defendant FERDERRICK D. ROSS (hereafter "Defendant ROSS") was driving a commercial 18-wheeler vehicle owned by Defendant KLLM TRANSPORT SERVICES, LLC. Defendant ROSS was traveling in the middle lane of IH-35 when Defendant ROSS sped up to pass Plaintiff and then made an unsafe lane change to the right, striking the driver's side of Plaintiff's vehicle and forcing Plaintiff's vehicle against the concrete barrier on the right. Defendant's negligence in his failure to keep a

Copy from re:SearchTX

proper lookout, and changing lanes when it was clearly unsafe to do so, was the proximate cause of the collision in question and resulting injuries and damages to Plaintiff, more fully described hereafter.

11. On said occasion, Defendant FERDERRICK D. ROSS was in the course and scope of employment and/or acting as an agent, employee and/or representative of Defendant KLLM TRANSPORT SERVICES, LLC.

### PLAINTIFF'S CLAIM OF NEGLIGENCE AND NEGLIGENCE PER SE AGAINST DEFENDANT FERDERRICK D. ROSS

12. Defendant had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

13. Defendant's negligent, careless and reckless disregard of said duty proximately caused Plaintiff's injuries.

14. The negligent, careless and reckless acts of Defendant consisted of, but is not limited to, the following acts and omissions:

   a) In that Defendant failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

   b) In that Defendant made an unsafe lane change to the right proximately causing the collision in question;

   c) In that Defendant failed to drive within a single lane of traffic proximately causing the collision in question;

   d) In that Defendant operated the motor vehicle at a rate of speed which was greater than that which would have been operated by a person of ordinary prudence under the same or similar circumstances;

   e) In that Defendant failed to apply the brakes to the motor vehicle in a timely and prudent matter proximately causing the collision in question;

   f) In that Defendant failed to maintain proper control of her vehicle;

  g)  In that Defendant failed to take proper and safe evasion action so as to avoid the collision in question; and,

  h)  In that Defendant failed to bring the motor vehicle to a complete safe stop to avoid the collision in question.

15. The above acts and/or omissions were singularly and/or severally a proximate cause of the occurrence in question and the resulting injuries and/or damages to Plaintiff.

16. Further, Defendant failed to exercise the mandatory standard of care in violation of V.T.C.A. Transportation Code pursuant to the doctrine of *negligence per se*, which mandates that:

  **§545.060** **DRIVING ON ROADWAY LANED FOR TRAFFIC,** which provides that, "(a) An operator on a roadway divided into two or more clearly marked lanes for traffic: (1) shall drive as nearly as practical entirely within a single lane; and (2) may not move from the lane unless that movement can be made safely."

  **§545.351** **MAXIMUM SPEED REQUIREMENT,** which provides that, "(a) An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing."

  **§545.401(a)** **RECKLESS DRIVING**, which provides that, "A person commits an offense if the person drives a vehicle in a willful or wanton disregard for the safety of persons or property."

17. These statutes are designed to protect a class of persons to which Plaintiff belongs against the type of injury suffered by Plaintiff.

18. Defendant's violation of the Texas Transportation Code sections described above was without a legal excuse and Defendant's breach of the duties imposed by these statutes proximately caused injuries to Plaintiff.

19. Defendant's conduct described herein constitutes an unexcused breach of the duty imposed on the occasion in question by the negligent and careless acts listed above, which are a proximate cause of the occurrence and the resulting injuries and damages to Plaintiff.

20. The above acts and/or omissions are singularly and/or severally a proximate cause of the occurrence in question and the resulting injuries and/or damages to Plaintiff.

## RESPONDEAT SUPERIOR

21. The employees, and/or actual, apparent, ostensible or estoppel agents and/or representatives of Defendant **KLLM TRANSPORT SERVICES, LLC** were acting in the course and scope of their respective employment and were within Defendant's general authority, in furtherance of Defendant's business, and for the accomplishment of the object for which Defendant's employees, agents, and/or representatives were hired. Defendant is therefore liable under the theory of *Respondeat Superior*. Therefore, Defendant is liable to Plaintiff for the damages proximately caused by the acts and omissions of its employees, and/or actual, apparent, ostensible or estoppel agents and/or representatives, specifically Defendant FERDERRICK D. ROSS.

## NEGLIGENT HIRING/SUPERVISION/TRAINING/RETENTION

22. Defendant KLLM TRANSPORT SERVICES, LLC had a legal duty to exercise the high degree of care to hire, supervise, train and/or retain competent employees. Defendant breached the duty when Defendant negligently hired, supervised, trained, and/or retained the driver that collided with Plaintiff's vehicle. Defendant's breach of duty to hire, supervise, train, and/or retain competent employees proximately caused injury to Plaintiff which resulted in damages Plaintiff is now complaining of.

## DAMAGES – RACHEL BETH CABALLERO

23. As a direct and proximate result of the Defendants' negligence, Plaintiff was caused to suffer bodily injury and damages, and to incur the following damages:

    a. Medical care expenses sustained in the past;

b. Medical care expenses that, in reasonable probability, Plaintiff will sustain in the future;

c. Physical pain and mental anguish sustained in the past;

d. Physical pain and mental anguish which, in reasonable probability, will be suffered in the future;

e. Physical impairment in the past;

f. Physical impairment which, in reasonable probability, will be suffered in the future;

g. Loss of earnings in the past; and

h. Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future.

24. For the above reasons, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## REQUIRED DISCLOSURES

25. Pursuant to Texas Rules of Civil Procedure 190 and 194, Defendants may be required to make initial disclosures, due within 30 days after the first answer is filed, unless otherwise agreed or changed by court order.

## INTENT TO USE DEFENDANTS' DOCUMENTS

26. In accordance with the Texas Rule of Civil Procedure 193.7, any documents produced by Defendants in response to written discovery will be used by Plaintiff at any pre-trial proceeding or trial.

## INTENT TO USE U.S. LIFE TABLES

27. Plaintiff hereby notifies the Defendants of his intent to use U.S. Life Tables as published by the U.S. Government in the trial of this matter.

Copy from re:SearchTX

## JURY DEMAND

28.     Plaintiff hereby demands a trial by jury on all issues herein and tenders the appropriate jury fee with this original petition.

29.     Plaintiff has met all conditions precedent to the filing of this lawsuit.

## DESIGNATED E-SERVICE EMAIL ADDRESS

30.     The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21(a):  **eservice@kastllaw.com**.  This is the undersigned's ONLY electronic service email address, and service through any other email address will be considered invalid.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests that Defendants be cited to appear and answer herein, and that upon a final trial and hearing, Plaintiff have judgment against Defendants, jointly and severally, for damages for monetary relief over $250,000 but not more than $1,000,000, which is within the jurisdictional limits of the Court; together with pre-judgment interest from the date of injury through the date of judgment at the maximum rate allowed by law; post-judgment interest at the highest legal rate until the time the judgment is paid; costs of court; and such other and further relief to which Plaintiff may be justly entitled at law or in equity.

Respectfully submitted,

**KASTL LAW, P.C.**

*/s/ Kristina N. Kastl*
**Kristina N. Kastl**
State Bar No. 24025467
Email: kkastl@kastllaw.com
**Sorana G. Ban**
State Bar No. 24061520
Email: sban@kastllaw.com
**Blake Hollingsworth**
State Bar No. 24113368
Email: bhollingsworth@kastllaw.com
**Elizabeth A. Brammer**
State Bar No. 24118337
Email: ebrammer@kastllaw.com

**4144 North Central Expressway, Suite 1000
Dallas, Texas 75204
Phone: (214) 821-0230
Fax: (214) 821-0231**

**ATTORNEYS FOR PLAINTIFF**

**\*Please note and document Kastl Law, P.C.'s new e-serve address. All future e-serve notifications must be served at: eservice@kastllaw.com.**

**Service is only effectuated if it is served through our eservice@kastllaw.com email. Any other Kastl Law, P.C. email is considered ineffective service.**